**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
AIDE TORRES,                                              :
                                                          :
                Plaintiff,             :
                                                          :   11 Civ. 3394 (RMB)
      -against-                                    :
                                                          :   **ORDER**
SEARS HOLDINGS CORP., KMART HOLDING       :
CORP., HOLDINGS, KMART, SEARS d/b/a       :
SEARS/KMART, d/b/a 9420 BIG KMART,        :
                                                          :
                Defendants.            :
------------------------------------------------------------X

**I.     Background**

On December 21, 2010, Aide Torres ("Plaintiff") filed a complaint ("Complaint") in New York State Supreme Court, Bronx County, against Sears Holdings Corp.; Kmart Holding Corp.; and Holdings, Kmart, Sears d/b/a Sears/Kmart, d/b/a 9420 Big Kmart (collectively, "Defendants"), alleging, among other things, that, on October 11, 2008, Plaintiff "was caused to be injured at the premises [of Defendants' store] located at 1998 Bruckner Boulevard, [Bronx, New York,] by reason of the negligence, carelessness, and recklessness of [D]efendants." (Compl., dated Dec. 21, 2010, ¶ 21.)  The Complaint "demands judgment against [D]efendants in the . . . sum of $3,000,000." (Compl. at 9.)

By letter to Plaintiff, dated May 2, 2011, Defendants made a "formal demand that [P]laintiff specify whether the claimed damages exceed $75,000" and, if not, that Plaintiff "execute . . . [a] stipulation capping damages at $75,000." (Defs. Ltr., dated May 2, 2011.)  By letter response to Defendants, dated May 12, 2011, Plaintiff declined to "discuss or agree to limit the damages to $75,000." (Pl. Ltr., dated May 12, 2011.)

On May 16, 2011, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441, asserting, among other things, that the Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  (Notice of Removal, dated May 16, 2011, ¶¶ 4, 5.)

On June 15, 2011, Plaintiff moved to remand the matter to New York State Supreme Court, arguing, among other things, that (1) Defendants' "removal was untimely because [D]efendants filed the notice of removal [on May 16, 2011,] more than thirty days after they were served with the summons and complaint," i.e., on January 13, 2011; (2) the amount in controversy is not "in excess of the jurisdictional limit of $75,000"; and (3) there is no complete diversity because Plaintiff is domiciled in New York and "[Holdings, Kmart, Sears d/b/a Sears/Kmart, d/b/a] 9420 Big Kmart [has] its principal place of business i[n] . . . New York."  (Decl. of Jesus M. Zeno in Support of Pl.'s Mot. to Remand, dated June 12, 2011 ("Zeno Decl."), ¶¶ 4, 5, 7.)

On June 28, 2011, Defendants filed an opposition, arguing, among other things, that (1) "the time for removal did not begin to run until [D]efendant[s] received [P]laintiff's May 12, 2011 letter unambiguously stating that [P]laintiff would not agree to cap her damages at $75,000"; (2) "[b]ased on [P]laintiff's refusal to cap her damages at $75,000, there exists a reasonable probability that the damages sought exceed $75,000"; and (3) Plaintiff is a New York domiciliary and "Kmart is a foreign corporation incorporated under the laws of the State of Michigan with [its] principal place of business located in Hoffman Estates, Illinois," and "Sears Holdings Corp. . . [is] not authorized to conduct business in New York."  (Mem. of Law in Opp'n to Pl.'s Mot. to Remand, dated June 28, 2011 ("Defs. Mem."), at 6, 7, 14; Aff. of David

2

Halffield, dated June 23, 2011, attached as Ex. G to Defs.' Affirm. in Opp'n, dated June 28, 2011, ¶ 8.)

On July 6, 2011, Plaintiff filed a reply, arguing, among other things, that Sears, Roebuck & Co. is a party to this case and "is a citizen of . . . New York State," which "negates . . . [D]efendants' contention that complete diversity exists." (Pl.'s Reply Mem. of Law to Defs.' Opp'n to the Mot. to Remand, dated July 6, 2011 ("Pl. Reply"), at 5.) On July 18, 2011, Defendants filed a surreply, arguing that "Plaintiff's claim that she sued 'Sears, Roebuck & Co.' is nothing more than an attempt to avoid removal where complete diversity clearly exists." (Mem. of Law in Surreply to Pl.'s Mot. to Remand, July 18, 2011 ("Defs. Surreply"), at 1.)[1]

**For the reasons set forth below, Plaintiff's motion to remand is granted.**

## II.     Legal Standard

"Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." Smith v. Kinkead, No. 03 Civ. 10283, 2004 WL 728542, at *1 (S.D.N.Y. Apr. 5, 2004) (internal citation omitted). "'The burden of proving federal removal jurisdiction,' therefore, 'is on the party seeking to preserve removal, not the party moving for remand.'" Woodley v. Mass. Mut., No. 08 Civ. 949, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (quoting Pan Atl. Grp. v. Republic Ins. Co., 878 F. Supp. 630, 638 (S.D.N.Y. 1995)).

## III.    Analysis

Plaintiff argues, among other things, that Defendants did not timely file for removal because the time to file the removal notice began to run on January 13, 2011, and "[D]efendants

---

[1]     Defendants' surreply is not contemplated under Federal Rules of Civil Procedure 7(b) and 12(b)(1)).

chose not to answer the [C]omplaint and not to file the notice to remove until May 1[6], 2011." (Mem. of Law in Support of Pl.'s Mot. to Remand, dated June 12, 2011 ("Pl. Mem."), at 3.) Defendants counter that the Complaint's <u>ad damnum</u> clause seeking $3,000,000 "is insufficient to establish the amount in controversy for diversity jurisdiction purposes in light of the well-established case law holding that such a clause must be stricken." (Defs. Mem. at 6.)

"A case is removable when the initial pleading enables the defendant to intelligently ascertain removeability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)." <u>Whitaker v. Am. Telecasting, Inc.</u>, 261 F.3d 196, 205–06 (2d Cir. 2001) (internal citations omitted). Once the pleadings show the case is removable, "a defendant must file a notice of removal within [thirty] days." <u>Fernandez v. Hale Trailer Brake & Wheel</u>, 332 F. Supp. 2d 621, 622 (S.D.N.Y. 2004) (citing 28 U.S.C. § 1446).

Defendants failed to file their notice of removal within thirty days of receiving the Complaint which contained sufficient information to enable Defendants to intelligently ascertain, among other things, that the amount in controversy exceeded $75,000. <u>Whitaker</u>, 261 F.3d at 198; <u>see</u> <u>Woodley</u>, 2008 WL 2191767, at *2 n.5 (where an "<u>ad damnum</u> clause of the complaint is to be read as seeking damages in excess of $75,000 . . . , there is no excuse for [a defendant's] failure to timely file a notice of removal"). The Complaint's <u>ad damnum</u> clause is presumed to be "a good faith representation of the actual amount in controversy, which presumption can only be rebutted by showing to 'a legal certainty that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." <u>Remsen Funding Corp. v. Ocean West Holding Corp.</u>, No. 06 Civ. 15265, 2007 WL 3254403, at *2 (S.D.N.Y. Nov. 1, 2007) (internal citations omitted). In fact, Defendants knew as much about

4

Plaintiff's potential damages upon receiving the Complaint as they did upon receiving Plaintiff's letter, dated May 12, 2011.

Defendants argue that they "could not have ascertained that [P]laintiff's inclusion of an ad damnum clause was . . . meant to establish that the amount in controversy exceeded $75,000." (Defs. Mem. at 6 (citing N.Y. C.P.L.R. § 3017(c)).) Defendants' argument is not persuasive in part because the precise limits of removal jurisdiction are determined by federal law and procedure. Whitaker, 261 F.3d at 204; see MBIA Ins. Corp. v. Royal Bank of Canada, 706 F. Supp. 2d 380, 391 n.6 (S.D.N.Y. 2009) ("[T]o be an initial pleading for removal, the [complaint] must meet the **federal** requirement that the amount in controversy is intelligently ascertainable, not the New York [S]tate requirement[s] [as to damages.]") (emphasis in original); see also Universal Motors Grp. of Cos. v. Wilkerson, 674 F. Supp. 1108, 1110 (S.D.N.Y. 1987) ("[The removal statute] must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts."). And, given that she is opposing removal, Plaintiff here had absolutely no incentive to overestimate her damages in the Complaint for the purpose of obtaining federal jurisdiction.[2] Pinson v. Knoll, Inc., No. 07 Civ. 1739, 2007 WL 1771554, at *4 (S.D.N.Y. June 18, 2007).

Even assuming, arguendo, that Defendants had timely filed their notice of removal, the Court would likely conclude that Defendants have not met their burden of establishing complete diversity. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). Defendants argue that "Sears, Roebuck & Co. [which is a New York corporation] has no obligations or responsibilities over the subject Kmart store" and "[P]laintiff cannot destroy diversity by

---

[2]   Ironically, Plaintiff now says "[D]efendants have failed to meet their burden of setting forth underlying facts that suggest the amount in controversy is sufficient for jurisdiction." (Pl. Reply at. 11.) And, Defendants now contend that Plaintiff's letter response shows "that it is clear" that damages are over $75,000. (Defs. Mem. at 15.)

5

fraudulently including it as a defendant." (Defs. Surreply at 2.) Plaintiff alleges that "Sears, Roebuck & Co. is a citizen of New York State," who "operates a retail store [at which] [P]laintiff suffered grave injuries and damages" (Reply Decl. of Jesus M. Zeno, dated July 5, 2011, at 2; Compl. ¶ 34), and Defendants' boilerplate invocation of the fraudulent joinder doctrine falls well short of "clear and convincing evidence" that Plaintiff committed "outright fraud" or "that it is legally impossible for [Sears, Roebuck & Co.] to be held liable under New York law," <u>Stan Winston Creatures, Inc. v. Toys R' Us, Inc.</u>, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003).

## IV. Conclusion and Order

For the foregoing reasons, Plaintiff's motion is granted. The Clerk of Court is respectfully directed to remand this case to the Supreme Court of New York, Bronx County.

Dated: New York, New York
August 5, 2011

*Richard M. Berman*
RICHARD M. BERMAN, U.S.D.J.